IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID LEE SALINAS, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, INSTITUTIONAL DIVISION, § <br> RESPONDENT. § | CIVIL ACTION NO. 4:07-CV-0748-A |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A.     NATURE OF THE CASE

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody.

B.     PARTIES

Petitioner David Lee Salinas, TDCJ-ID #1193585, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Connally Unit in Kenedy, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.   PROCEDURAL HISTORY

On August 20, 2003, Salinas was convicted in the 371st Judicial District Court, Tarrant County, Texas, of aggravated sexual assault of a child under fourteen years of age and sentenced to sixty years' confinement. (Clerk's R. 119). The Texas Court of Appeals affirmed the trial court's judgment on direct appeal, and the Texas Court of Criminal Appeals refused Salinas's petition for discretionary review. *Salinas v. State*, No. 02-03-338-CR, 166 S.W.3d 368 (Tex. App.—Fort Worth 2005, pet. ref'd). Salinas has filed one state application for writ of habeas corpus challenging his conviction, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court. *Ex parte Salinas*, No. WR-66,684-02 (Tex. Crim. App. May 2, 2007). Salinas filed his federal petition for writ of habeas corpus on December 5, 2007.

D.   ISSUES

Salinas complains of the following:

1. The trial court denied him due process and a fundamentally fair trial by admitting testimony from the state's expert witness;

2. He was denied the effective assistance of counsel at trial;

3. He was denied the effective assistance of counsel on appeal; and

4. The state appellate court denied him due process.

E.   RULE 5 STATEMENT

Respondent agrees that issues one and two are timely filed and exhausted. Respondent contends that issue three is exhausted but untimely and that issue four is both untimely and unexhausted.

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The question is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). The state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G. DISCUSSION

   1. Expert Witness Testimony

At trial, the prosecutor called pediatrician Jayme Coffman, who testified that she examined the complainant several months after the assault, found no physical findings of abuse,[1] and diagnosed sexual abuse by history based on the complainant's statements. (4 Rep. R. 27-28). Defense counsel objected to Coffman's testimony about her diagnosis, arguing that it served to improperly validate the complainant's testimony, but the court overruled the objection and allowed the testimony. (4 Rep. R. 16-19, 28). Salinas now urges that the trial court denied him due process in admitting Coffman's testimony.

On appeal, the Texas Court of Appeals found that Coffman's testimony was a direct comment on the credibility of the complaining witness and should not have been admitted. *Salinas*, 166 S.W.3d at 371. However, the state appellate court treated the admission of Coffman's testimony as non-constitutional error and found it was not reversible error because it did not affect Salinas's substantial rights, i.e., the error did not have a substantial or injurious effect on the jury's verdict. *Id*. at 371-72. *See generally* Tex. R. App. P. 44.2(b) (prescribing reversible-error standard for non-constitutional trial errors). The state court considered the record as a whole and based its decision on the clear and unequivocal nature of the complainant's testimony, her prompt outcry, and the fact that the prosecutor had not emphasized the expert witness testimony during closing arguments. *Id*. Salinas subsequently raised a claim of constitutional error in his state application for habeas relief, but the state court denied relief after finding no basis to review a claim that had been disposed of on direct appeal absent a change in the law that applied retroactively. (State Habeas R. at 89-90).

---

[1] The complainant reported that Salinas put his finger in her anus. Coffman testified that she would not expect physical findings given that history. (4 Rep. R. 27).

There is no dispute that Coffman's testimony regarding her diagnosis was inadmissible under state law, but that is not the relevant inquiry for purposes of 28 U.S.C. § 2254. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the petitioner's federal rights. *Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007)(citing *Estelle v. McGuire* 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991)). Evidentiary errors rise to the level of a due process violation only if they are so unduly prejudicial that they render the trial fundamentally unfair. *Wood,* 503 F.3d at 414 (5th Cir. 2007); *Bigby v. Dretke*, 402 F.3d 551, 563 (5th Cir. 2005). The evidence must have been a crucial, critical, and highly significant factor in the defendant's conviction. *Wood*, 503 F.3d at 414; *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir.1998). A defendant is entitled to a fair trial, not a perfect one. *Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed.2d 593 (1953).

The complainant testified at trial. She was able to provide a detailed account of Salinas's actions on the evening of October 3, 2001, and she used anatomically correct dolls to illustrate what happened. (3 Rep. R. 47- 65). The complainant shared a bedroom with her sister, who testified that she was sleeping in the lower bunk bed in their room on October 3, 2001, when she was awakened by a noise and saw an adult's legs climbing the ladder to the top bunk where the complainant was sleeping. (3 Rep. R. 114-15). The morning after the assault, the complainant told her mother what had occurred and was taken to a local hospital for examination. (3 Rep. R. 24-25). During closing arguments, the prosecutor did not rely on Coffman's diagnosis as evidence that the complainant's story was credible, although defense counsel referred to Coffman's testimony that complainant had no apparent injuries.

In the context of the record as a whole, including the remainder of Coffman's testimony, the testimony that Coffman had diagnosed sexual abuse by history was prejudicial, but was not a crucial,

critical or highly significant factor that rendered the trial fundamentally unfair. *See Derden v. McNeel*, 938 F.2d 605, 609 (5th Cir. 1991)(referring to trial as fundamentally unfair when there is reasonable probability of different verdict if trial had been properly conducted). The admission of Coffman's testimony may have been erroneous, but Salinas has not demonstrated that the state courts' adjudication of his claim, either on direct appeal or collateral review, is contrary to or reflects an unreasonable application of clearly established federal law.

      2.      Ineffective Assistance of Trial Counsel

Salinas complains that defense counsel Edwin Youngblood rendered ineffective assistance by failing to raise a proper objection to the state's expert witness and failing to object to the prosecutor's improper argument. Salinas presented each of these complaints in his state application for writ of habeas corpus, but the state court denied relief.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id*. at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id*. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions

of law and fact. *Id*. at 698, 104 S.Ct. at 2070. If the state court rejects complaints about counsel's performance, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Salinas contends that Youngblood did not properly object to Coffman's testimony to alert the trial court that the testimony bolstered the credibility of the complaining witness. The state habeas court rejected this complaint after finding that Salinas had not met either prong of *Strickland* (State Habeas R. 94-95). As the state court found, Youngblood obtained a hearing outside the presence of the jury to challenge the admissibility of Coffman's testimony. (State Habeas R. 91). The trial court overruled Youngblood's objection, but did grant his request for a running objection to Coffman's testimony to preserve the issue for appeal. (State Habeas R. 91-92). On direct appeal, the appellate court agreed that the trial court erred in admitting Coffman's testimony, but ultimately found no reversible error. *Salinas*, 166 S.W.3d at 370-72. Salinas has not demonstrated that Youngblood rendered constitutionally ineffective assistance in this regard.

Salinas also contends that Youngblood should have objected to the prosecutor's closing argument because it injected matters outside the record in an effort to bolster Coffman's testimony. The prosecutor told the jury that reports prepared by Coffman and the investigating officer were not in evidence, but the jury could rely on the testimony of these two witnesses about the content of those reports and what each of them had done in relation to the case. (4 Rep. R. 55). During the state habeas proceedings, Youngblood explained that he did not object to this remark because he did not consider the prosecutor's argument to be objectionable and instead viewed it as a reminder that the jury could consider only matters that were in evidence. (State Habeas R. 92). The state habeas court found that Youngblood's decision not to object was a matter of reasonable professional

judgment and further found no reasonable probably of a different outcome but for Youngblood's actions. (State Habeas R. 94-95). Salinas has not demonstrated that Youngblood's failure to object constituted deficient performance, nor has he otherwise shown that the state court's rejection of his complaint was an unreasonable application of the relevant law to the facts.

Salinas asserts that Youngblood should have objected when the prosecutor used closing argument as an avenue to bolster the state's case by pointing out that the complainant had no motive to lie. (4 Rep. R. 66). The state court found that Youngblood's decision not to object was a matter of reasonable professional judgment and that there was no reasonable probability of a different outcome but for Youngblood's conduct. (State Habeas R. 94-95). The state habeas court found that the prosecutor's argument about motives was offered in response to defense suggestions that the complainant was not telling truth. (State Habeas R. 92). Defense counsel had previously argued that he did not have the burden to prove why someone might be "mistaken, flat lying, exaggerating, [or] dreaming." (4 Rep. R. 59). A prosecutor can argue as a fair inference from the facts presented that a witness had no reason to lie, although the prosecutor cannot express a personal opinion on the credibility of witnesses. *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008); *United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999).

Salinas further complains of counsel's failure to object when the prosecutor referred to the complainant as six years old when she was actually eight years old.[2] (4 Rep. R. 65). Youngblood explained that he did not object to any mistake about the complainant's age because he did not consider the remarks to be serious misstatements or mischaracterizations, and the state court found

---

[2] The complainant was six years old when the assault occurred and eight years old at the time of trial. (3 Rep. R. 47-50).

that Youngblood's decision was a matter of reasonable professional judgment. (State Habeas R. 92, 94). Salinas has not demonstrated that the state court's rejection of this complaint or his other complaints about trial counsel's performance was the result of an unreasonable application of clearly established federal law to the facts in his case.

   3.  Ineffective Assistance of Appellate Counsel

Salinas argues that appellate counsel Terry Casey was ineffective in arguing the wrong standard for reversible error with respect to Coffman's testimony and raising a frivolous complaint about the trial court's decision to grant the prosecutor's challenge for cause to a prospective juror. Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985). Appellate counsel's performance on appeal is judged under the same test that governs a review of trial counsel's performance. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). *See generally Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).

As a threshold matter, Respondent asserts that Salinas's complaint is untimely because he knew or should have known of the factual predicate for this claim at or near the time Casey filed his brief with the state court of appeals. A one-year period of limitation applies to a state prisoner's petition for writ of habeas corpus, but it runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Salinas filed his federal petition within one year of the date his state court judgment became final (exclusive of the time that his state court action for collateral review was pending). *See id*. § 2244(d)(2) (excluding time that case is pending for state collateral review from calculation of limitations period). His petition is timely.

Salinas alleges that Casey was deficient for failing to argue on appeal that the trial court's admission of Coffman's testimony was a constitutional error that is viewed under a more stringent standard for reversible error than other errors that occur at trial. *Compare* Tex. R. App. P. 44.2(a) *with* Tex. R. App. P. 44.2(b). Casey asserted that he based his argument of non-constitutional error on existing case law from the Court of Criminal Appeals, (State Habeas R. 97), and the state habeas court found that Casey did not argue the wrong standard for reversible error with respect to Coffman's testimony. (State Habeas R. 98-99). *See, e.g., Schutz v. State*, 63 S.W.3d 442 (Tex. Crim. App. 2001)(applying reversible error standard for non-constitutional errors to complaint of erroneous admission of expert testimony). Based on prevailing state law on the appropriate standard for reversible error, the state court found that Casey's performance was a matter of reasonable professional judgment. (State Habeas R. 99-100). The state court also found no reasonable probability of a different outcome because Salinas's evidentiary complaint was not particularly meritorious. (State Habeas R. 100). Salinas has not demonstrated the unreasonableness of the state court's determination or rebutted the presumption of correctness that must be afforded to the underlying factual findings.

Salinas also complains that Casey raised the issue of trial court error in granting the prosecution's challenge for cause when he should have known that any error would not constitute reversible error. Casey asserted that he raised that issue because in his opinion there was some room for argument about the appropriate reversible error standard and he was aware that the issue must be raised before the court of appeals before it could be presented to the Texas Court of Criminal Appeals in a petition for discretionary review. (State Habeas R. 96-97). Casey in fact raised the issue in the petition for discretionary review. (State Habeas R. 97).

The state habeas court found that Casey's decision to raise the issue on appeal was a matter of reasonable professional judgment. (State Habeas R. 99). Salinas makes no showing that this determination is an unreasonable application of federal law. And even if Casey's performance was deficient in raising an arguably frivolous issue, the federal court is unable to discern any prejudice to Salinas's direct appeal that would satisfy the second prong of *Strickland*. Salinas is not entitled to habeas relief on his claims of ineffective assistance of appellate counsel.

    4.    Appellate Court Error

Salinas asserts that he was denied due process as a result of the state appellate court's determination that the admission of Coffman's testimony was not reversible error. For the most part, Salinas's argument is subsumed by his first ground for relief, i.e., that he was denied due process and a fundamentally fair trial[3] because the trial court admitted expert witness testimony that served

---

[3] The state appellate court's determination that any error was not sufficiently harmful to warrant reversal was based on Texas procedural standards for non-constitutional error. Application of a harmless error test would be superfluous if the evidentiary error was so egregious as to render the trial fundamentally unfair. *See Kirkpatrick v. Blackburn*, 777 F.2d 272, 280 (5th Cir.1985).

only to bolster the credibility of the complainant. But to the extent Salinas is presenting appellate-court error as an independent ground for relief, Respondent urges that such a point is unexhausted.[4]

A petition for writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the state's highest court to satisfy the exhaustion requirement. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is not met if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Salinas urges that his complaints about the Texas Court of Appeals is exhausted because it was presented to the Texas Court of Criminal Appeals in his petition for discretionary review, which was denied. A fair reading of his petition for discretionary review reflects that Salinas did not apprise the Texas Court of Criminal that he was complaining of anything more than a violation of state law. *See Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)(per curiam). *Cf. Dye v. Hofbauer*, 546 U.S. 1, 4, 126 S.Ct. 5, 7, 163 L.Ed.2d 1 (2005)(finding exhaustion because petitioner's state-court brief was clear that allegation of error was based, at least in part, on a federal right). Salinas petitioned for discretionary review based only on the ground that the lower appellate court reached a decision about Coffman's testimony that was at odds with prior holdings of the Texas Court of Criminal Appeals. (Appellant Pet. Discretionary Review at 7, 10). Salinas's state application for habeas relief likewise omits any allegation that the Texas Court of Appeals

---

[4] Respondent asserts that this point is untimely because Salinas should have known the factual basis for his claim as of May 19, 2005, the date that the Texas Court of Appeals issued its opinion. As previously addressed, Salinas timely filed his federal petition within one year of the date his state court judgment became final. *See* 28 U.S.C. § 2244(d)(1) (providing that limitations period runs from the latest of four possible events, one of which is the date that the underlying judgment becomes final).

violated his federal rights. His claim of an independent constitutional deprivation by the Texas Court of Appeals is not the "substantial equivalent" of one presented to the state courts and is thus unexhausted.[5] *See Whitehead*, 157 F.3d at 387.

Remand to satisfy the exhaustion requirement, however, would serve no purpose in this case. The general rule that a state court must explicitly apply a procedural bar to preclude federal review is not applicable to cases in which the petitioner failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed. 2d 640 (1991). In such cases, there is a procedural default precluding federal habeas review. *Id.* If the federal courts required Salinas to return to the Texas Court of Criminal Appeals to satisfy the exhaustion requirement, that court would apply the Texas abuse of the writ doctrine. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §4 (Vernon Supp. 1997). Abuse of the writ qualifies as a procedural bar. *See Emery v. Johnson,* 139 F.3d 191, 195 (5th Cir.1997); *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir.1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

A habeas petitioner can overcome a procedural bar by demonstrating independent objective cause for the failure to properly raise the claims and actual prejudice resulting therefrom. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. Cause under the "cause and prejudice" standard must be an objective factor, external to the petitioner, that cannot be fairly attributed to him. *Id.* at 753, 111

---

[5] The Supreme Court also requires that petitioners present their claims in a procedurally correct manner to the state court to satisfy the exhaustion requirement, and has found that presenting a claim for the first and only time in a petition for discretionary review does not meet this requirement when the state's highest court would not review a claim presented under such circumstances. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). *See also Myers v. Collins*, 919 F.2d 1074, 1075-76 (5th Cir. 1990) (distinguishing *Castille* because petitioner had presented his claim on direct appeal to intermediate court before petitioning Texas Court of Criminal Appeals for discretionary review). In this case, Salinas did not present his claim at any point in either his direct appeal or his state application for collateral relief.

S.Ct. at 2566; *Meanes v. Johnson,* 138 F.3d 1007, 1011 (5th Cir.1999). The procedural bar may also be avoided if a petitioner can establish that a fundamental miscarriage of justice would result from application of the bar; however, this requires a statement and persuasive showing that he is actually innocent. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. Salinas does not argue that there exists cause and prejudice or the possibility of a fundamental miscarriage of justice to excuse application of the procedural bar.

To the extent Salinas is raising alleged errors by the state appellate court as an independent ground for relief, his complaint is unexhausted and procedurally barred. To the extent he is restating his argument that the appellate court's treatment of Coffman's testimony reflects an unreasonable application of clearly established federal law, that argument need not be revisited.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until January 5, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28

U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until January 5, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED DECEMBER 11, 2008.

    /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE